# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW T.E. COLDICUTT,<br><br>Defendant. | Case No. 22-cv-274-MMA (KSC)<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[Doc. No. 28] |

Plaintiff Securities and Exchange Commission ("Plaintiff") filed this action alleging violations of federal securities law against Defendant Andrew T.E. Coldicutt ("Defendant"). *See* Doc. No. 1. Defendant now moves to stay this action pending resolution of the parallel criminal proceeding in this district, *USA v. Coldicutt*, 22-CR-1881-JO. *See* Doc. No. 28. Plaintiff filed a statement of non-opposition to Defendant's motion. *See* Doc. No. 31. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.[1]

---

[1] Defendant has withdrawn his request for oral argument on the motion to stay. *See* Doc. No. 30.

A court may decide to stay a civil case in the face of parallel criminal proceedings depending on the particular circumstances and competing interests. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  Here, Defendant urges that: "[t]here is no dispute that the criminal action and this civil action overlap and arise out of the same operative facts"; if both actions are allowed to proceed concurrently, he will be severely prejudiced as "[t]he risk of self-incrimination facing [him] is clear and he [is] likely to invoke the Fifth Amendment in response to any discovery or question in this action"; "the SEC cannot show that it will suffer any meaningful prejudice from any delay"; "staying this matter would conserve Court resources by eliminating the need to relitigate issues and streamline discovery"; and "though the public and third parties may have an interest in maintaining and securing functioning markets, that interest will not be eroded if a stay is granted." Doc. No. 28-1 at 4–7.

The Court agrees that the relevant factors support granting a stay.  Therefore, upon due consideration, good cause appearing, the Court **GRANTS** Defendant's motion to stay.  The parties shall jointly file a status report within five (5) days of the resolution of the criminal matter.

**IT IS SO ORDERED**.

Dated:  December 16, 2022

HON. MICHAEL M. ANELLO
United States District Judge